The PEOPLE of the State of
Colorado, Complainant,

v.

Stephan A. TISDEL, Attorney–
Respondent.

No. 91SA408.

Supreme Court of Colorado,
En Banc.

April 13, 1992.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Stephan A. Tisdel, Colorado Springs, pro se.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the hearing board's findings of fact in this attorney discipline case, but modified the board's recommendation of discipline. The panel recommended that the respondent be suspended from the practice of law for sixty days, but that the suspension be stayed and a public censure imposed on the condition that the respondent make restitution in full to a client within six months. We issued an order to the respondent to show cause why he should not be suspended for sixty days with restitution as a condition of reinstatement. After considering the replies of the respondent and the assistant disciplinary counsel, we order that the respondent be suspended for sixty days, that he pay restitution as a condition of reinstatement, and that he be assessed the costs of the proceeding.

I

The respondent was admitted to the bar of this court on April 16, 1969, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in this proceeding. C.R.C.P. 241.1(b). After hearing testimony from the complaining witness, Willie M. Haley, and the respondent, and receiving a number of exhibits into evidence, the hearing board found that the following facts were established by clear and convincing evidence.

Haley retained the respondent in October 1988, to organize a limited partnership. When Haley was in the respondent's office on November 14, 1988, the respondent explained to him that he was experiencing financial difficulties. The respondent asked Haley to lend him $2,000 and indicated that he would be receiving a substantial fee within a matter of days and would be able to repay the loan. Haley lent the respondent $2,000 on the condition that the money would be repaid by December 1, 1988. The check for $2,000 that Haley gave to the respondent reflected that it represented a "loan Due Dec. 1, 1988."

The respondent never repaid the loan. He met with Haley on December 22, 1988, and gave Haley a check for $2,000 dated December 22. The respondent asked Haley to "just hang on to it for a day or so" before depositing it. When Haley deposit-

ed the check on January 6, 1989, it was returned for insufficient funds.

Haley brought the matter to the attention of the district attorney and a criminal proceeding was commenced against the respondent. The respondent, however, persuaded the district attorney to dismiss the case in return for respondent's delivering his promissory note to Haley in the amount of $2,000, payable at $100 per month. The respondent made a $100 payment at the time the note was delivered, and made one more payment to Haley in the amount of $50 after this grievance proceeding was commenced. Haley obtained a default judgment against the respondent for the balance due on the promissory note. That judgment remains unsatisfied.

The hearing board concluded, and we agree, that the respondent's conduct involved dishonesty and misrepresentation, contrary to DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).[1]

## II

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client." *ABA Standards* 4.62. The hearing board found the following factors in aggravation: (1) the presence of a dishonest or selfish motive, *id.* at 9.22(b); (2) the respondent has substantial experience in the practice of law, *id.* at 9.32(i); and (3) the respondent has demonstrated indifference to making restitution, *id.* at 9.22(j). In mitigation, the board noted the absence of any prior disciplinary offenses, *id.* at 9.32(a); the respondent's personal and emotional problems, *id.* at 9.32(c); the respondent's cooperation with the disciplinary counsel, *id.* at 9.32(e); and

some attempt toward rehabilitation and apparent remorse, *id.* at 9.32(j), (*l*).

The hearing panel has recommended that the respondent be suspended for sixty days, but that the order of suspension be stayed for six months to allow the respondent to pay the balance due on the promissory note. We issued an order to show cause why the respondent should not be suspended for sixty days, with reinstatement subject to full restitution. In his answer to our order, the respondent asked that the proceedings be stayed for forty-five days in order that he might "repay the debt and the costs of this proceeding." The respondent's answer was filed on February 3, 1992. Fifty days later, on March 24, 1992, the assistant disciplinary counsel filed a supplemental reply to the respondent's answer. The reply contained an affidavit from Haley dated March 21, 1992, stating that Haley has received no further payments on the promissory note since the initial $100 and $50 payments, and that the respondent has not contacted Haley since the disciplinary hearing. Given the history of this case, we conclude that no good purpose would be served by staying the order of suspension.

## III

Accordingly, it is hereby ordered that Stephan A. Tisdel be suspended from the practice of law for sixty days, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that, before Tisdel may be reinstated under C.R.C.P. 241.22(b), he shall pay to Willie M. Haley the sum of $1,850 together with interest at the rate of 15% per annum from and after May 18, 1989, as provided in the promissory note, plus $40.50 as reimbursement for court costs expended by Haley. It is further ordered that Tisdel pay the costs of this proceeding in the amount of $395.16 within 30 days after the an-

1. The hearing board found that it had not been established by clear and convincing evidence that the respondent also violated DR 5–104(A) (a lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise the lawyer's professional judgment therein for the protection of the client, unless the client has consented after full disclosure). The assistant disciplinary counsel has not excepted to this finding.

nouncement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

